JOHN PRINO, PROSECUTOR, v. AUSTIN COMPANY, DEFENDANT.

Argued October 5, 1937—Decided March 15, 1938.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Nicholas Martini.*

For the defendant, *Edward O. West.*

The opinion of the court was delivered by

HEHER, J. While in the employ of defendant, prosecutor suffered a left indirect inguinal hernia; and the primary question for decision is whether it was the result of unwonted strain arising out of and in the course of the employment, and therefore classable as accidental and compensable within the intendment of paragraph 11 (x) of the Workmen's Compensation act of 1911, as amended by chapter 279 of the laws of 1931. *Pamph. L.* 1911, *pp.* 134, 763; *Pamph. L.* 1931, *p.* 704.

The deputy commissioner, answering the inquiry in the affirmative, made an award of compensation. Upon appeal, the Passaic Common Pleas found that prosecutor "did not sustain an inguinal hernia or traumatic hernia out of and in the course of his employment," and reversed the judgment. The proceedings were brought into this court by *certiorari.*

There is a preliminary procedural question to be determined. The petition for compensation alleged that prosecutor "sustained traumatic hernia lifting a heavy beam," necessitating a surgical operation; and defendant maintains that there was, to its substantial prejudice, a material variance between the allegation and the proofs, in that the statutory provision adverted to makes compensable two classes of herniæ, *i. e.,* "traumatic hernia" and "non-traumatic inguinal hernia," and that the petition alleged the former while the evidence adduced was directed to the establishment of the latter.

The point is devoid of substance. The statute classifies herniæ as to cause. Only those resulting from trauma are compensable. It separates traumatic herniæ into two divisions, *i. e.,* (a) those produced by the external application of force "directly to the abdominal wall," and (b) those ensuing from the indirect application of force generating acute intra-abdominal tension and strain. The adjective "traumatic" is

to be given its broad general signification. "Trauma" in its generic sense imports "an injury or wound, or the resulting condition" (Webster's New International Dictionary, 2d ed.)—the emanation of an accident, as contradistinguished to disease. *Furferi* v. *Pennsylvania Railroad Co.*, 117 *N. J. L.* 508.

The proofs were therefore within the range of the petition. The employer was, by the quoted allegation, fairly put upon notice of claim that the hernia was the consequence of intra-abdominal force flowing from extraordinary physical effort and over-exertion. It was not misled to its prejudice. There was no surprise—no variance in matter of substance. See *Westville Land Co.* v. *Handle*, 112 *N. J. L.* 447, 455. The niceties of technical pleading have no place in the judicial enforcement of rights created by the compensation act. The petitioning employe informed his employer of the nature of the claimed compensable accident, and its consequences; and, in this respect, the requirements of the statute, procedural and otherwise, were satisfied.

Thus we are brought to a consideration of the basic question. The proofs satisfy us that the hernia so suffered by prosecutor resulted from an accident arising out of and in the course of his employment. The employer frankly concedes that the employe, by his own testimony, has made out a *"prima facie"* case of a compensable inguinal hernia resulting from "sudden effort or severe strain." But the insistence is that the weight of the evidence is to the contrary. It is said that, while his own testimony shows the existence of the five statutory prerequisites, his "story of an alleged accident or strain * * * is not true," and he has in this regard failed to sustain the burden of proof. We do not yield the argument so made.

At the close of his day's work, on June 16th, 1936, prosecutor engaged himself, at the direction of his superior, in the lifting of heavy iron beams. Two were of such weight as to require in the lifting process the united efforts of four men, including prosecutor. While so employed, he experienced, so he testified, severe pain and loss of physical power; and it

is conceded that when he reported the mishap to his employer early the next day (the application of ice bags during the night brought no relief), he had a protrusion, through the inguinal ring, of the size of a walnut. This condition was found by the employer's physician. On the ensuing July 20th, an operation was performed by a surgeon of prosecutor's selection; and this surgeon testified that, considering the history and the condition of the affected part, he entertained no doubt that the hernia was the result of undue strain. His examination revealed torn tissues, and that "the sac [containing 'small intestines'] was an extremely thin wall, showing it was of very recent origin." And the employer's physician and surgeon who made the early examination conceded that only the operating surgeon could determine with any degree of definiteness whether the hernia was congenital and in no sense the result of a recent acute strain. Another surgical expert called by the employer agreed that the "definite physical findings" made by the operating surgeon constitute an important factor in determining the origin of a hernia. And it is signficant, although they are by no means controlling factors, that the employer's examining physician found "a bilateral enlargement of both inguinal rings—both about the same size," with no protrusion on the right side, and that a surgical operation was deemed necessary shortly thereafter.

The uncontroverted facts, considered in the light of the surgical experience thus shown, lead reasonably to the inference of a causal relation between the lifting of the iron beam and the intestinal protrusion through the abdominal wall revealed by the physical examination made the following morning.

It suffices to add that we find nothing in the conduct of the prosecutor, either at the time of or subsequent to the happening in question, that tends to undermine the findings of his surgeon. Nor is the testimony adduced from his co-employes at variance with his claim of injury. It is essentially negative in character, and is not of sufficient weight to neutralize the positive evidence. In this connection, it is to

be borne in mind that prosecutor testified through an interpreter whose deficiencies were conceded at the hearing; and that the deputy commissioner had the advantage of personal observation of the witnesses.

The criteria of a compensable accidental injury are, first, was the employment one of the contributing causes without which the accident would not have happened; and, second, was the accident one of the contributing causes without which the injury would not have been sustained. In appraising the evidence, probability and not certainty is the touchstone. *Furferi* v. *Pennsylvania Railroad Co., supra; Jackson* v. *Delaware, Lackawanna and Western Railroad Co.*, 111 *N. J. L.* 487; *Kuczynski* v. *Humphrey*, 118 *Id.* 321.

The judgment of the Court of Common Pleas is accordingly reversed, and the judgment of the compensation bureau is affirmed, with costs.